**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STANLEY JONES,** | ) | Case No. 1:13 CV 358 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **TERRY TIBBALS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro Se* Petitioner Stanley Jones has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (**Doc #: 1**). Petitioner has asserted two grounds for relief, which arise from his 2010 guilty plea for aggravated murder, kidnapping, and having weapons under disability in the Cuyahoga County, Ohio, Court of Common Pleas. After reviewing the Petition, the Return of Writ (Doc #: 7), the Traverse (Doc #: 13), Respondent's Sur-Reply (Doc #: 14-1), Jones' Response to Respondent's Sur-Reply (Doc #: 17), and the record, Magistrate Judge Kathleen B. Burke issued a Report and Recommended Decision of Magistrate Judge Burke ("R&R"). (**Doc #: 24**). Jones' two grounds for relief asserted in his 2254 petition are:

> Ground One: A criminal defendant is denied the constitutionally guaranteed right to counsel when a trial court fails to appoint counsel at a hearing that addresses a defendant's presentence motion to withdraw the defendant's guilty plea, and when issues raised by the defendant prevent his counsel from advocating on the defendant's behalf. Sixth and Fourteenth Amendments, United States Constitution; Section 10, Article I of the Ohio Constitution.

> Ground Two: A trial court abuses its discretion by denying a defendant's motion to withdraw a guilty plea, when the plea was not made voluntarily, knowingly and intelligently in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I Sections 10 and Sixteen of the Ohio State Constitution.

(Doc #: 1 at 14).

Magistrate Judge Burke recommends that the Court deny the Petition on the merits. Magistrate Judge Burke finds that Jones cannot prevail on Ground One, because the Ohio Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. (Doc#: 24 at 13). Magistrate Judge Burke also finds that Jones cannot prevail on Ground Two, because none of Jones' counsel's alleged failures fall below an objective standard of reasonableness, nor can it be shown that there was a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and instead would have insisted on going to trial. Jones has now filed Objections to R&R ("Objections"). (**Doc #: 26**). The Court overrules the Objections, and adopts the R&R, for the following reasons.

In Ground One, Jones argues that the trial court denied his right to counsel at a "critical stage"– the pre-sentence hearing on his oral, *pro se*, motion to withdraw his guilty plea–and that the trial court should have, *sua sponte*, appointed or substituted new counsel to represent him at the hearing. (Doc #: 1 at 14) (Doc #: 13 at 6). In order to prevail on Ground One, the Ohio Court of Appeals' decision must have been contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Jones claims that the Ohio Court of Appeals' decision to uphold the trial court's decision was contrary to federal law as determined by the United States Supreme Court in

-2-

*United States v. Ash*, 413 U.S. 300 (1973). *Ash* is a case about whether the Sixth Amendment provides a right to counsel for a defendant when the government conducts a photographic display for a witness to attempt to identify the offender. *Ash*, 413 U.S. at 321. In the R&R, Magistrate Judge Burke finds that the Ohio Court of Appeals' decision was not contradictory to *Ash*, as *Ash* was about offender identification, and this case is about a pre-sentence hearing on an oral motion to withdraw a guilty plea. (Doc #: 24 at 13). In his objection to the R&R, Jones concedes that *Ash* is not directly on-point, writing, "[I] can find no legal authority from the United States Supreme Court that has addressed the specific issue in this case." (Doc #: 26 at 5).

Nonetheless, Jones argues that *Ash* still supports his position that a pre-sentence hearing on an oral motion to withdraw a guilty plea constitutes a critical stage. (Doc #: 26 at 3). Jones argues that the rationale used by the U.S. Supreme Court in extending the right to counsel to the situation in *Ash,* and other cases, when applied to the facts at bar, would result in a pre-sentence hearing on an oral motion to withdraw a guilty plea being considered a critical-stage. (Id). Jones cites language from prior U.S. Supreme Court cases stating that legal assistance would be less than meaningful if it were limited to the formal trial itself, extending counsel to adversarial hearings which require the defendant to have aid in coping with the complex rules and procedures, and Supreme Court precedent that has "defined critical stages as proceedings that amount to trial like confrontations." (Id).

Jones' argument is flawed, however. In *Woods v. Donald*, 135 S.Ct. 1372, 1377 (2015), the Supreme Court ruled that, "because none of our cases confront 'the specific

question presented by this case,' the state court's decision could not be 'contrary to' any holding of this Court." The U.S. Supreme Court makes it clear that in order for a state court of appeals' decision to be contrary to a Supreme Court holding, it must actually confront the specific question presented. It cannot simply be similar.

Furthermore, Jones cannot show that the Ohio Court of Appeals engaged in an unreasonable application of United States Supreme Court precedent. Magistrate Judge Burke cites *Woods*, in which the U.S. Supreme Court finds that state courts have wide discretion in their adjudication of prisoner claims where "the precise contours of [a] right remain unclear..." *Woods v. Donald*, 135 S.Ct. 1372, 1377 (2015). (Doc #: 24 at 17). In *White v. Woodall*, 134 S.Ct. 1697, 1705-06 (2014), the U.S. Supreme Court holds that "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [the Supreme] Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." Thus, simply because the Ohio Court of Appeals did not extend the Supreme Court's precedent to apply to this case does *not* make their decision unreasonable. *White v. Woodall*, 134 S.Ct. 1697, 1705 (2015). As such, Ground One fails.

In Ground Two, Jones claims that he did not voluntarily, knowingly and intelligently enter his plea of guilty, and was not afforded his constitutionally guaranteed right to effective assistance of counsel. (Doc #: 1 at 14-15). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court put forth a two-part test that "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner must show (1) counsel's representation fell

below an objective standard of reasonableness, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. Jones argues that both prongs of the *Strickland* test have been satisfied in his case. (Doc #: 26 at 10-11). Magistrate Judge Burke correctly found that Jones could satisfy neither prong of *Strickland*. But, even if we presume that the first prong was met, Jones is clearly unable to meet the second prong of the *Strickland* standard. The second prong of the *Strickland* test requires that there be a reasonable probability that, even if Jones' counsel did fall below an objective standard of reasonableness, Jones would not have entered a guilty plea, and instead would have insisted on going to trial. It is clear that due to the amount of evidence weighing against Jones, he would have plead guilty even *if* we suppose his counsel had acted unreasonably.

      Jones states that his counsel failed to share with him the following:

> (1) multiple statements made by Earl Wilson, one of the state's key witness[es], who never identified Jones[] as the perpetrator in his first initial statements to police and; (2) a[n] Activity log sheet that shows Jones[] was recorded as going into a storage facility that Jones[] rented at 8:38 P.M. and could not have been at the crime scene as Earl Wilson told Cleveland Police in his later statements between 8:30 and P.M. on the night of the incident.

(Doc #: 13 at 21-22). Even though Wilson did not initially identify Jones as being at the scene, which could be used as impeachment evidence, "he did identify Jones' car at the scene" and, "another witness's statement also described a car similar to Jones' at the scene." (Doc #: 7-35 at 76) (Doc #: 13-2 at 1). Further evidence, summarized in the R&R, shows a strong case against Jones, even without the statements by Wilson. (Doc #: 24 at 23-26). In regards to the activity log, Magistrate Judge Burke correctly states that even with the activity log, there was still ample evidence weighing against Jones' claim that as

-5-

he was at a storage facility and thus unable to be at the crime scene between 8:30 and 8:40 P.M.  (Doc #: 24 at 26).

This strong evidence shows that at the time, Jones would have likely still plead guilty even *if* his attorneys had shown him Wilson's prior statements to the police.  Jones is not entitled to withdraw his plea merely because he discovers "long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."  *Brady v. United States*, 397 U.S. 742, 757 (1970).  As such, Ground Two fails.

Accordingly, the Court **OVERRULES** the Objection (**Doc #: 26**),  **ADOPTS** the thorough and well-written R&R (**Doc #: 24**),  and **DENIES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 */s/ Dan Aaron Polster July 13, 2015*
**Dan Aaron Polster**
**United States District Judge**